**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT



| | |
|---|---|
| AMY GRANAT; CORKY LAZZARINO; SIERRA ACCESS COALITION; CALIFORNIA OFF-ROAD VEHICLE ASSOCIATION; COUNTY OF PLUMAS; COUNTY OF BUTTE,<br><br>　　　　Plaintiffs-Appellants,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE; SONNY PERDUE, in his official capacity as Secretary of the United States Department of Agriculture; UNITED STATES FOREST SERVICE; VICKI CHRISTIANSEN, in her official capacity as Interim Chief of the United States Forest Service; RANDY MOORE, in his official capacity as Pacific Southwest Regional Forester; ALICE B. CARLTON, in her official capacity as the former Plumas National Forest Supervisor; DANIEL LOVATO, in his official capacity as Plumas National Forest Supervisor,<br><br>　　　　Defendants-Appellees. | No.　17-15665<br><br>D.C. No. 2:15-cv-00605-MCE-DB<br><br>MEMORANDUM[*] |

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Argued and Submitted April 10, 2018
San Francisco, California

Before: D.W. NELSON, W. FLETCHER, and FISHER, Circuit Judges.

The Department of Agriculture's 2005 Travel Management Rule overhauled off-road vehicle management across the country's national forests. *See* 36 C.F.R. §§ 212.1 *et seq.* It required the United States Forest Service to designate certain roads and trails in each forest as open for motorized vehicle use, and prohibit such use outside of these designated areas. As part of the 2005 Rule's implementation, the Forest Service developed a proposal for limited, additional designations of motorized trails in the Plumas National Forest. It identified 1,107 miles of "user-created" routes where motor vehicle use had occurred over time without agency authorization, published an environmental impact statement and issued a record of decision designating 234 of these miles as open for motorized travel.

The plaintiffs appeal the district court's grant of summary judgment in favor of the Forest Service on their claims that the Forest Service violated the National Environmental Policy Act (NEPA) or the 2005 Rule by failing to consider a reasonable range of alternatives and failing to coordinate and cooperate with Butte

and Plumas Counties during the route designation process. We affirm.

1. The Forest Service considered a reasonable range of alternatives. It engaged with the public to develop four action alternatives consistent with the project's purpose and need. *See Westlands Water Dist. v. U.S. Dep't of Interior*, 376 F.3d 853, 865 (9th Cir. 2004) (the reasonableness of an agency's alternatives analysis is dictated by the project's underlying purpose and need). These four alternatives examined a reasonable range of user-created routes for designation. The Forest Service also considered a no action alternative, which would have permitted motor vehicle use on all 1,107 miles of user-created routes. The plaintiffs have not shown that considering additional alternatives was "necessary to permit [the Forest Service to make] a reasoned choice." *See State of California v. Block*, 690 F.2d 753, 767 (9th Cir. 1982) (internal quotation marks omitted).

2. The Forest Service discharged its duty to coordinate and cooperate with Butte and Plumas Counties. *See* 36 C.F.R. § 212.53; 40 C.F.R. § 1506.2. It held public meetings, met with the county representatives, solicited the counties' input and considered the counties' comments and objections. *Cf. Nat'l Mining Ass'n v. Zinke*, 877 F.3d 845, 877 (9th Cir. 2017) (finding the Department of Interior coordinated with local entities under the Federal Land Policy Management Act and

NEPA because it "fully acknowledged and considered the Counties' concerns . . . , even though it chose in the end to proceed").

**AFFIRMED.**